# Oldham *v.* United States Express Company, Appellant.

*Trial—Comment as to absence of witnesses—Charge.*

In an action against an express company to recover damages for a dog shown to have been suffocated in an express car, where the plaintiff has made out his case, and the defendant has failed to subpœna or produce a veterinary surgeon who had examined the dog, and two persons who had seen the dog on the arrival of the express car at its destination, the court cannot be convicted of error in stating to the jury that "there were witnesses who could have been produced by the defendant with a proper amount of diligence, who knew what the situation was when the dog was discovered to be dead."

Argued April 13, 1904. Appeal, No. 45, April T., 1904, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1900, No. 75, on verdict for plaintiff, in case of Edward M. Oldham v. Thomas C. Platt, President of United States Express Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for death of a dog. Before EVANS, J.

The opinion of the Superior Court states the case.

*Error assigned* among other was portion of the charge quoted in the opinion of the Superior Court.

*R. T. M. McCready*, for appellant.

*Edwin P. Young*, with him *William Watson Smith*, for appellee.

OPINION BY ORLADY, J., July 28, 1904 :

In this action of trespass, the plaintiff recovered a verdict of $800 as damages, which he sustained by reason of the death of a dog shipped in care of the defendant company from Wayne Junction, a station on the Philadelphia and Reading Railroad, to Pittsburg.

The plaintiff had at his kennels two English bulldogs, which he placed in separate crates, and endeavored to have them shipped to Pittsburg as excess baggage, but was informed that they could only be shipped by express. When he offered to pay the charge for shipment he was informed that it would have to be paid at the other end of. the line. He notified the agent in the car of the special value of the dogs, and requested permission to stay with them in the car, but this was refused as being against the rules of the company. The car in which the dogs were loaded had the words " United States Express " in large letters on the side ; the express messenger was in uniform— overalls and jumper, and wore a cap marked " United States Express," and had charge of a large amount of express matter in the car. The authority of this messenger to act for the defendant and thereby make it liable was questioned on the trial, but this is not an important matter in the light of the fact that when the dogs were received at Pittsburg the car was delivered to the express company's shed, and after one of the dogs was found to be dead, the agent of the express company was notified, and instructions were given that the dogs should be taken to the office of the company on Wood street. The local agent of the company received $2.25, the amount due on the two crates from Wayne Junction, for which sum he gave the plaintiff a receipt. There was considerable testimony taken as to the manner in which the dogs were crated, as well as to the location of the crates in the car with reference to other express matter, all of which questions the jury, on sufficient evidence, resolved in the plaintiff's favor. A number of articles, boxes, etc., were placed on and around the crates in which the dogs

were confined, so that they did not receive the care and attention necessary for their health and comfort; and it was equally well established by two veterinary surgeons, who conducted an autopsy (one selected by the plaintiff and one by the defendant) that the death of the dog was due to suffocation or smothering.

The burden of appellant's argument is directed against an alleged inadequacy of the charge, and to a special statement made by the court to the jury, as follows: " There were witnesses who could have been produced by the defendant with a proper amount of diligence, who knew what the situation was when the dog was discovered to be dead. All these matters you must take into consideration in determining the question as to how these boxes were placed with regard to receiving air by the dogs inside the car."

The testimony adduced in support of the plaintiff's claim was clear and positive, and was not contradicted in any material part that affected the liability of the company. When the car arrived at Pittsburg, a Mr. Dickson and two or three other employees of the company, with the plaintiff, entered the car and had direct knowledge of the situation as then disclosed to their view.

At the time of the trial Mr. Dickson was called as a witness and testified that he had called the attention of the company's cashier to the fact that he wanted the names of the other men, in order that they might be witnesses in the case. The general agent of the company admitted that the men who assisted Mr. Dickson in checking up business that morning while not in the employ of the company at the time of trial, two of them were at work in Pittsburg, but had not been subpoenaed.

Under the facts of the case it was not improper for the trial judge to call attention to the fact that these two eye witnesses were within reach of the process of the court but had not been called. It was not necessary for the plaintiff to call them as he had made out his case, and their testimony would reasonably be expected to come from the other side. Furthermore, the veterinarian, who had been selected by the defendant company, was not called as a witness, nor was his absence explained. Taking the charge as a whole, it fully and fairly submitted to the jury all of the disputed facts in controversy; and while the

verdict is apparently large, there was no testimony adduced by the defendant to contradict the plaintiff's estimated value of the dog, all of which was corroborated by four other witnesses so that the jury was justified in accepting it as true.

We find no error in this record to justify a reversal and the judgment is affirmed.